GATLIN JOHN BEHNKEN,

                    Plaintiff,

v.                                            Case No. 24-cv-54-pp

GREEN BAY CORRECTIONAL INSTITUTION,

                    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

      Plaintiff Gatlin John Behnken, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant exposed him to unsanitary conditions of confinement. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On February 12, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $86.19. Dkt. No. 7. The court received that fee on March 6, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

   A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The complaint names Green Bay Correctional Institution as the only defendant. Dkt. No. 1 at 1. The plaintiff alleges that at about 7:45 p.m. on August 15, 2023, the power went out in his cell (cell B27), which also shut off his water. Id. at 2. Within fifteen minutes, Green Bay "staff were alerted that the power and water were out" in the plaintiff's cell and one other. Id. About an hour later, at 9:15 p.m., correctional officer Schommer (not a defendant) relocated the incarcerated persons housed in cells B26 and B28, but not the

3

plaintiff. Id. Schommer asked the plaintiff if he had power, and the plaintiff told Schommer that he did not. Id. Schommer left and did not return to the plaintiff in his cell. Id. The plaintiff alleges he was left without power, drinking water or a flushable toilet overnight, for thirteen hours. Id. He says that during this time, his toilet was "filled with human feces and urine." Id. The plaintiff alleges that at around 8:45 a.m. the next day, his power and water "w[ere] restored." Id. at 2–3. The plaintiff seeks $5,000 for each hour that he did not have power or water—$65,000 total. Id. at 4.

    C.    <u>Analysis</u>

The complaint does not name a defendant who can be sued. Under 42 U.S.C. §1983, the plaintiff may sue only "persons" who violate his civil rights while acting under color of state law. Green Bay Correctional Institution is not a person, but a state prison. The court could construe this claim as if the plaintiff had brought it against the State of Wisconsin. <u>See</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 65–71 (1989). But the only relief the plaintiff seeks is damages, and a state is not a "person" subject to suit for damages under §1983. <u>See</u> <u>Lapides v. Bd. of Regents of the Univ. Sys. of Ga.</u>, 535 U.S. 613, 617 (2002); <u>Williams v. Wisconsin</u>, 336 F.3d 576, 580 (7th Cir. 2003). The plaintiff may not proceed on his request for damages against the prison or the State of Wisconsin.

The court could construe the plaintiff's complaint as if he had brought it against Officer Schommer, whom the plaintiff alleges left him in his cell without power or water. <u>See</u> <u>Donald v. Cook Cnty. Sheriff's Dep't</u>, 95 F.3d 548, 555–56

(7th Cir. 1996) (noting that courts should assist *pro se* litigants who state allegations against individuals not named in the caption of their complaint). The court analyzes the plaintiff's allegations regarding the conditions of his confinement under the Eighth Amendment. Under the Eighth Amendment, a state may not subject incarcerated persons "to conditions of confinement amounting to cruel and unusual punishment." Giles v. Godinez, 914 F.3d 1040, 1051 (7th Cir. 2019) (citing Rhodes v. Chapman, 452 U.S. 337, 345–47 (1981)). The Supreme Court has clarified, however, that only "extreme deprivations" will amount to cruel and unusual conditions of confinement. Id. (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)). The court must judge the alleged conditions "in accordance with contemporary standards of decency." Id. (citing Hudson, 503 U.S. at 8, and Rhodes, 452 U.S. at 346).

An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In the context of a conditions-of-confinement claim, an incarcerated person must show that he has been deprived of "'the minimal civilized measure of life's necessities.'" Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes, 452 U.S. at 347). The subjective component requires the incarcerated person to demonstrate that prison officials acted with the requisite intent—that is, that the officials acted with "deliberate indifference" to a substantial risk that the incarcerated person would suffer serious harm. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

Determining whether the alleged conditions constitute cruel and unusual punishment is fact-intensive. Cases in this court and the Seventh Circuit have

concluded that allegations like the plaintiff's both did and did not violate the Eighth Amendment. See Lindell v. Pollard, 558 F. Supp. 3d 734, 751–52 (E.D. Wis. Sept. 3, 2021) (citing cases). Often the decision turns on the extent of the conditions and whether the incarcerated person was provided a way to clean himself or the cell. See Budd v. Motley, 711 F.3d 840, 843 (7th Cir. 2013) (citing cases). Courts also consider "the length of time the plaintiff was exposed, the issue of whether the plaintiff himself caused the condition, the plaintiff's ability to address the condition himself, and other factors." See Oswald v. Manlove, Case No. 16-cv-991, 2019 WL 464135, at *11–12 (E.D. Wis. Feb. 6, 2019) (discussing cases).

    The plaintiff says he was in his cell without running water or power for thirteen hours, from 7:45 p.m. on August 15, 2023 until 8:45 the next morning. Courts that have found constitutional violations from unsanitary conditions in cases that involved allegations of *days-long* exposure to the unsanitary conditions. See Wheeler v. Walker, 303 F. App'x 365, 368 (7th Cir. 2008) (citing cases where incarcerated persons were held in unconstitutionally feculent conditions for three to six days); Diaz v. Ndina, Case No. 18-CV-2015, 2019 WL 5696849, at *2 (E.D. Wis. Nov. 4, 2019) (noting that the Seventh Circuit has found that "*prolonged* exposure to human excrement can" violate the Constitution (emphasis added)); see also DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001) (incarcerated person who spent thirty-six hours without working toilet and exposed to flooded cell and human waste stated Eighth Amendment claim); compare with Ortiz v. Dep't of Corr. of City of New York,

Case No. 08 CIV. 2195, 2011 WL 2638137, at *7 (S.D.N.Y. Apr. 29, 2011) (Report and Recommendation), adopted sub nom. Ortiz v. Hernandez, 2011 WL 2638140 (S.D.N.Y. July 5, 2011) (collecting rejected complaints "where exposure to such waste is intermittent or limited to a matter of hours").

In a similar case before this court, the incarcerated person alleged "that he was held only overnight—for about fourteen hours—in a dirty cell that smelled like human waste. He alleges that he slept on a mattress that had feces in the seams." Turner-Harris v. Johnson, Case No. 20-cv-1815, 2022 WL 1620350, at *4 (E.D. Wis. May 23, 2022). This court concluded that those allegations were sufficient to satisfy the objective component of an Eighth Amendment claim. Id. Compare that to the plaintiff in Lindell, who was exposed to filthy conditions "for only a day" before he was provided cleaning supplies; the district court concluded that "[t]he plaintiff's minimal exposure to human feces, while undoubtedly unpleasant, did not pose a threat to his health or safety and was not so serious as to deprive him of basic human dignity." Lindell, 558 F. Supp. 3d at 751.

This court dismissed another, similar complaint where the incarcerated person alleged "that he was locked in his cell with feces all over the floor for four to six hours," "that he had difficulty breathing from the smell and passed out at one point from the odor" and that "he did not have running water," although he did not "say whether he requested cleaning supplies or had other water or supplies to clean the cell." Love v. Milwaukee Cnty. Jail Staff, Case No. 23-cv-408, 2023 WL 4238870, at *4 (E.D. Wis. June 28, 2023). The court

explained that "[a]lthough these conditions were far from comfortable or pleasant . . . the short duration and the plaintiff's limited exposure to the unsanitary conditions and unpleasant odors is not of the 'extreme' class of deprivations sufficient to violate the Eighth Amendment." Id.

Another court in this district rejected a plaintiff's claim that being forced to remain in a filthy, cold cell and in soiled clothing for about twelve hours before he was allowed to shower violated his Eighth Amendment rights. Gillum v. Armor Health Care, Case No. 18-CV-236, 2018 WL 2170333, at *3 (E.D. Wis. May 10, 2018). That court explained, "[T]he Eighth Amendment sets an extremely high bar for claims that a prison's living standards fall below the level of minimal decency. Factual scenarios which present viable claims generally last for at least days, if not weeks, of exposure to such conditions." Id. (citing Wheeler, 303 Fed. App'x at 368).

The court concludes that the plaintiff's allegations here do not fall on the "extreme deprivations" side of the line. He alleges that for thirteen hours overnight, he had no power and no running water in his cell. He alleges that his toilet was full of human waste and not flushable during this time. But he does not allege that his cell was otherwise dirty or had a strong odor that made breathing difficult, nor does he allege that other conditions in his cell were unsanitary (like the incarcerated person in Turner-Harris, who alleged that his cell was filthy and had a foul odor, and his mattress was soiled with feces). The plaintiff does not allege that he was exposed to human feces on the floor of his cell (like the incarcerated person in Love) or on the door of his cell (like the

8
Case 2:24-cv-00054-PP    Filed 03/26/24    Page 8 of 11    Document 9

incarcerated person in Lindell). Nor does the plaintiff allege that he was forced to wear soiled clothing overnight and denied a shower (like the plaintiff in Gillum). As this court previously concluded, the conditions to which the plaintiff was exposed were unquestionably unpleasant and uncomfortable, but the plaintiff's limited exposure to them and the relatively short duration are "not of the 'extreme' class of deprivations sufficient to violate the Eighth Amendment." Love, 2023 WL 4238870, at *4.

Because the conditions the plaintiff describes in his complaint were not objectively sufficiently serious, he has not stated a claim for relief under the Eighth Amendment. Although district courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). The plaintiff's complaint is thorough in its allegations of the facts surrounding this claim, so the court finds that amendment would be futile.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$263.81** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a

motion in *this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 26th day of March, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**